**E-Filed 3/27/07**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK MCDONALD,<br><br>        Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART,<br>Commissioner,<br>Social Security Administration,<br><br>        Defendant. | No. C 06-1370 JF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND; AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Mark H. McDonald filed this action on February 23, 2006, seeking reversal of Defendant's decision to deny his application for disability benefits. Plaintiff filed a motion for summary judgment or remand on June 16, 2006. Defendant filed a cross-motion for summary judgment on July 12, 2006. Plaintiff filed a reply on July 28, 2006. The matter was submitted without oral argument. For the reasons discussed below, Plaintiff's motion will be denied and Defendant's motion will be granted.

**I. BACKGROUND**

Plaintiff was born on December 1, 1961, and presently is forty-six years old. He has a GED, or the equivalent of a high school education. Until January 2002, he worked for his father's business as an electrician. (Administrative Record "AR" 17).

Plaintiff filed an application for benefits on November 24, 2003, alleging disability as of January 1, 2002 as a result of hepatitis C and chronic low back pain. The Commissioner of the Social Security Administration denied the application initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"); the hearing was conducted on May 24, 2005. The ALJ issued a decision on June 29, 2005, in which he found that Plaintiff has hepatitis C and severe chronic low back strain, but that he does not have an impairment or a combination of impairments of the level of severity listed in Appendix 1 to Subpart P of Regulations No. 4. The ALJ further found that Plaintiff is precluded from doing past relevant work by medically determinable impairments but that Plaintiff has the residual functional capacity ("RFC") to perform light work. Considering Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff is capable of performing light unskilled jobs such as cashier, records clerk, assembler, machine operator, or rental clerk. (AR 19).

## II. LEGAL STANDARDS

Pursuant to 42 U.S.C. §405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Ci. 1992).

When determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257. The Commissioner's decision must be affirmed if the record can reasonably support either affirming or reversing the decision. Moncada F.3d at 523; Drouin, 966 F.2d at 1257.

## III. DISCUSSION

Plaintiff contends that the ALJ erred in failing to give proper weight to the opinion of

Plaintiff's treating physician and in failing to consider the totality of Plaintiff's medical conditions when assessing Plaintiff's RFC.  Defendant asserts that the ALJ's decision is supported by substantial evidence in the record and therefore should be upheld.

**A. The Proper Weight of The Treating Physician's Opinion**

Plaintiff argues that the ALJ failed to assign appropriate weight to the opinion of his treating physician, Dr. Satish Sharma.  In his assessment, Dr. Sharma described symptoms of persistent pain resulting in limitations to a disabling degree. (AR 427- 485).  The ALJ concluded that this assessment is not entitled to significant probative weight because it is not supported by clinical or objective findings. (AR 18).

The opinion of a treating physician generally is given deference. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Id.  "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  An ALJ may properly reject an opinion which consists of checked-off boxes without any explanation of the bases for the conclusions. *See, e.g.*, Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (finding that the ALJ permissibly discounted the treating physician's opinion in the form of a checklist without supportive evidence).

In this case, Dr. Sharma opined on various aspects of Plaintiff's functional capabilities such as sitting, standing, and lifting. (AR 482 - 485).  Dr. Sharma stated that his assessment was premised upon his diagnosis that Plaintiff suffers from low back strain with intermittent radicular pain in the lower extremities. (AR 485).  However, the record does not reflect any documentation of clinical or objective findings to support Dr. Sharma's opinion regarding Plaintiff's impairments.  Dr. Sharma's four-page Medical Source Statement is essentially a checklist.  Under authorities cited above, the ALJ was not required to accept Dr. Sharma's opinion under these circumstances.   Accordingly, Plaintiff has failed to demonstrate that the ALJ erred in his treatment of Dr. Sharma's opinion.

Moreover, several examining physicians' assessments contradict Dr. Sharma's opinion. Dr. Holmboe, who examined Plaintiff, opined in his last assessment of Plaintiff in 2002 that Plaintiff did "not have objective findings to suggest that he [had] a significant ongoing problem and certainly the mild changes at L3-4 [did] not account for all of the symptoms that [Plaintiff described]." (AR 216-217). Dr. Holmboe's assessments are supported by the lumbar spine MRI performed on Plaintiff by Dr. Dixon in 2002. (AR 223-224). In 2004, Dr. Torin performed a physical examination on Plaintiff and opined that Plaintiff's "complaints were out of proportion to the physical findings" in the examination. (AR 404). An ALJ may reject the opinion of a treating physician in favor of the opinions of examining physicians which are supported by independent clinical findings. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

**B. Residual Functional Capacity ("RFC") Assessment**

Plaintiff contends that the ALJ erred in failing to consider the totality of Plaintiff's medical conditions in his RFC assessment. Plaintiff further argues that the ALJ failed to provide sufficient discussion regarding Plaintiff's physical ability to perform the work activities that the ALJ found Plaintiff could do.

The Social Security Administration has issued a policy guideline regarding the assessment of RFC. SSR 96-8p. The policy instructs adjudicators to provide a narrative discussion "describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and non medical evidence (e.g., daily activities, observations)." Id. In this case, the ALJ looked at Plaintiff's subjective statements of pain and other symptoms, as well as the opinions and reports of Plaintiff's treating and evaluating physicians. (AR 16 - 20). The ALJ found substantial medical evidence disclosing a history of musculoskeletal injuries in 1999, followed by release to regular work during that same year and no subsequent objective evidence of significant worsening. (AR 18). The ALJ also took into consideration Plaintiff's subjective complaints, and the testimony of Plaintiff's father indicates that Plaintiff is capable of performing at least a range of light work as defined in 20 C.F.R. 404.1567 and 416.967. (AR 18). Based on the records as a whole, the ALJ found that Plaintiff is precluded from his past relevant work but has the residual functional capacity to perform light work. (AR 19 - 20). These findings are

supported by substantial evidence and therefore will not be disturbed by this Court.

### III. ORDER

(1) Plaintiff's motion for summary judgement or remand is DENIED;

(2) Defendant's cross-motion for summary judgement is GRANTED; and

(3) The Clerk of the Court shall close the file.

Dated: 3/27/07

JEREMY FOGEL
United States District Judge

1 | Copies of this Order were served on the following persons:
2 |
3 | Maria Daquipa      Maria.Daquipa@ssa.gov
4 | Odell Grooms       Odell.Grooms@ssa.gov
5 | Theophous H Reagans , Jr     theophous.reagans@ssa.gov
6 | Kevin Charles Thurber     thurberlaw@sbcglobal.net
7 | Sara Winslow       sara.winslow@usdoj.gov, kathy.terry@usdoj.gov; claire.muller@usdoj.gov